```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


IN THE MATTER OF THE            :   HONORABLE JOSEPH E. IRENAS
COMPLAINT OF KIMBERLY HARTMAN   :
AS OWNER OF 2007 YAMAHA SUPER   :   CIVIL ACTION 08-5562 (JEI/JS)
JET PERSONAL WATERCRAFT         :
FOR EXONERATION FROM AND        :        OPINION
LIMITATION OF LIABILITY         :
```

**APPEARANCES:**

RUBIN, FIORELLA & FRIEDMAN, LLP
By: Brendan McKenna Burke, Esq.
292 Madison Ave, 11th Floor
New York, New York 10017
    Counsel for Petitioner and Third-Party Defendants
    Jeffrey Bourquin and Ace American Insurance Company

JARVE KAPLAN GRANATO, LLC
By: Anthony Granato, Esq.
10 Lake Center Executive Park
401 Route 73 North
Marlton, New Jersey 08053
    Counsel for Claimant


**IRENAS**, Senior District Judge:

   This admiralty suit arises out of serious injuries Claimant Gregory Forte suffered while using Plaintiff Kimberly Hartman's jet ski on the intercoastal waterway near Ocean City, New Jersey. Both Forte and Hartman move for summary judgment on Hartman's Petition for Exoneration from, or Limitation of, Liability.[1] For the reasons discussed herein, Forte's motion will be granted in part and denied in part and Hartman's motion will be granted in part and denied in part.

---

   [1] This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1).

**I.**

The relevant facts are undisputed.  In the early to mid-afternoon on August 25, 2007, Forte and his brother, Jeffrey Borquin, were each operating a jet ski in the intercoastal waterway near Ocean City.  Both jet skis were owned by Hartman.  Hartman was at work at the time, but she testified that she "permitted . . . Borquin . . . and . . . Forte to take [her] two wave runners for the day."  (Hartman Dep. 6:16-19)  Both Hartman and Borquin had valid New Jersey boaters safety course certificates.  They both knew that Forte had not taken such a course, and had no license from any state to operate a jet ski.

At approximately 2:30 p.m., Forte was operating the jet ski, traveling in a northerly direction, at a speed of 50-55 miles per hour.  He was following Borquin, who decided which course they should take.  An unidentified boat suddenly accelerated from a stopped position, moving in a southerly direction, toward Forte.  The boat created a wake that pushed Forte and the jet ski into a day marker.  (Borquin was ahead of Forte and was unaffected by the wake.)  Forte testified, "I was moving at such a high rate of speed, that [colliding with the day marker] was pretty much inevitable."  (Forte Dep. 54:14-16)  Forte severely broke his leg in the accident.

On May 28, 2008, Forte filed suit against Hartman, Borquin, and Hartman's insurer, Ace American Insurance Company ("Ace"), in the Superior Court of New Jersey, Law Division, Camden County.

2

That suit asserted negligence claims against both Hartman and Borquin, and two claims-- breach of contract and breach of fiduciary duty / bad faith-- against Ace.

On July 28, 2008, Ace removed the suit to this Court on the basis of diversity jurisdiction, *see Forte v. Ace American Ins. Co., Hartman, and Borquin*, 08-cv-3761, (D.N.J.) (JEI / JS). Forte moved to remand based on alleged deficiencies in the removal procedure.[2]  Before that motion was decided, however, Hartman filed her Complaint for Exoneration from, or Limitation of Liability pursuant to 46 U.S.C. § 30501 et seq.  This Court then issued the requisite order restraining suits, *see* Fed. R. Civ. P. Supp. R. F(3), and stayed Forte's suit against Hartman, Borquin, and Ace.[3]

Forte has filed the only claim in this case.[4]  His claim has

---

[2] Forte did not challenge this Court's subject matter jurisdiction over his suit.

[3] Forte's suit and this suit were consolidated for discovery purposes only.  At this time, Forte's suit remains stayed pending the outcome of this suit.

[4] Forte also filed a third party complaint in this case against Ace and Borquin.  Hartman's attorney, who also represents Ace and Borquin, presently asks the Court to adjudicate these additional claims.  Forte objects.
Forte's claims against Ace and Borquin will not be decided at this time.  The third party claims asserted are identical to the claims asserted in the state court suit that was removed to this Court, *Forte v. Ace American Ins. Co., Hartman, and Borquin*, 08-cv-3761 (D.N.J.) (JEI / JS) (hereafter "*Forte*").  *Forte* was filed first and was only consolidated with this suit for discovery purposes.  Accordingly, the Court will dismiss without prejudice the third party complaint and dissolve the injunction restraining the prosecution of *Forte*, thereby allowing the

two "counts": (1) Hartman's negligent entrustment of the jet ski to him and (2) Hartman's vicarious liability for Borquin's alleged negligence.  As noted previously, both Forte and Hartman move for summary judgment.

**II.**

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).[5]  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The summary judgment standard is not affected when the parties file cross-motions for summary judgment.  *See Appelmans*

---

parties to further litigate their disputes in *Forte*.

[5]  The Federal Rules of Civil Procedure generally apply to suits for exoneration from or limitation of liability.  *See* Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule A(2).

*v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987).  Such motions "'are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.'"  *Transportes Ferreos de Venez. II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001) (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)).  If after review of cross-motions for summary judgment the record reveals no genuine issues of material fact, then judgment will be entered in favor of the deserving party in light of the law and undisputed facts.  *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998).

### III.

### A.

Forte argues that this suit should be dismissed because a jet ski is not a "vessel" within the meaning of The Limitation Act.  *See* 46 U.S.C. § 50302 ("this chapter . . . applies to seagoing vessels and vessels used on lakes or rivers or in inland navigation, including canal boats, barges, and lighters."); 1 U.S.C. § 3 (defining "vessel" as "every description of watercraft or other artificial contrivance used, or capable of being used,

5

as a means of transportation on water."). This Court disagrees. *Keys Jet Ski, Inc. v. Kays*, holds, "a jet ski is a 'vessel' covered by the Limitation Act." 893 F.2d 1225, 1230 (11th Cir. 1990); *see also Gorman v. Cerasia,* 2 F.3d 519, 523 n.3 (3d Cir. 1993) (citing *Keys Jet Ski* in support of its holding that "the [Limitation] Act applies to pleasure craft."). The Limitation Act applies to this dispute.

**B.**

Forte next argues that this action is time barred. The Limitation Act provides that an action for limitation of liability "must be brought within 6 months after a claimant gives the owner written notice of the claim." 46 U.S.C. § 30511.[6] Forte asserts two separate arguments.

**1.**

First, he argues that his attorney's letters to Ace (Hartman's insurer) in September and November, 2006 (Ex. B to Forte's opposition brief) constitute written notice which started the clock running on Hartman's time to file this action. Because Hartman did not file this action until 2008, Forte reasons this suit is untimely. The Court disagrees.

---

[6] *See also* Fed. R. Civ. P. Supp. R. F(1) ("Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint . . . for limitation of liability pursuant to statute.").

Both letters were sent to Twanda Martin in Ace's Marine Claims Department, located in Wilmington, Delaware. (Ex. B) Both letters merely requested that Ace pay "first party medical benefits" due under the applicable watercraft policy. (Id.) Neither letter indicated Forte's intention to look to Hartman personally for damages; nor did it indicate that Forte considered Hartman to be at fault for the accident.

The letters at issue cannot constitute the requisite notice (and therefore did not start the filing clock running) for two reasons: (1) the letters were not sent to Hartman; and (2) even if they had been, the letters did not "'inform [Hartman] of [Forte's] intention to look to [her] for damages.'" *In re Petition of J.E. Brenneman Co.*, 157 F. Supp. 295, 297 (E.D. Pa. 1957) (quoting *In re Petition of O'Boyle*, 51 F. Supp. 430, 432 (S.D.N.Y. 1943)).

Hartman distinguishes *In re: Complaint of Beesley's Point Sea-Doo, Inc.*, 956 F. Supp. 538 (D.N.J. 1997)(Irenas, D.J.), where this Court held that certain letters did constitute sufficient written notice. This Court agrees that *Beesley's* is distinguishable. In that case, several letters were sent directly to the jet ski owner; whereas no letters were sent to Hartman. Moreover, the *Beesley's* letters specifically stated that the claimant considered the owner "'at fault'" for "'damages'" as "'a result of [the owner's] negligence,'" 956 F. Supp. at 544; whereas the letters at issue here contain no

7

comparable language.

Accordingly, the Court holds that the letters of September and November, 2006 are insufficient to constitute notice of Forte's claim under the statute.

2.

Second, Forte argues that this suit is untimely because Hartman's *Amended* Complaint was filed more than six months after she received notice of Forte's claim. Hartman's original Complaint, however, was filed within the six month period[7], and the Amended Complaint relates back for time computation purposes. *See* Fed. R. Civ. P 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."). The Amended Complaint did nothing more than correct the "HIN" identification number of the jet ski in the Certificate of Market Valuation attached as an exhibit to the original Complaint. Forte's argument fails.

---

[7] Because this Court holds that the 2006 letters to Ace do not constitute statutory written notice, the time for filing this limitation action began to run when Hartman was served with Forte's state court complaint. While the exact date of *service* does not appear in the record before the Court, the state court complaint was *filed* on May 28, 2008. Because service must have occurred sometime after filing, and this suit was filed on November 7, 2008, Hartman's complaint was timely filed.

C.

Turning to the merits of this case, the Limitation Act provides, in relevant part, "claims, debts, and liabilities subject to limitation . . . are those arising from any . . . injury by collision, . . . done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505.  "[A] complaint under the Limitation Act is a two-step process.  The district court, sitting in admiralty without a jury, first determines whether there was negligence; second if there was negligence, whether it was without the privity or knowledge of the owner." *In re Consolidated Coal Co.*, 123 F.3d 126, 131-32 (3d Cir. 1997) (internal citations and quotations omitted).  Forte has the burden of proof on the first issue; Hartman has the burden of proof on the second issue.  *See id.* at 132 (citing *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 948 n.14 (3d Cir. 1985)).

The Court addresses separately each count of Forte's claim.

1.

In the first count, Forte asserts that Hartman negligently entrusted her jet ski to him.[8]  His claim rests primarily on

---

[8]  Hartman asserts that "[i]t is well established that there is no claim as a matter of . . . federal admiralty law . . . for negligent entrustment of a vessel."  (Opposition Br. at 8)  In support of this statement she cites *Favorito v. Pannell*, 27 F.3d 716 (1st Cir. 1994).  *Favorito* does not support Hartman's assertion.  Indeed, *Favorito* states "the owner . . . may be held

9

Hartman's undisputed violation of N.J.S.A. 12:7-74.1. The statute provides, in relevant part,

> . . . the owner of a personal watercraft shall be jointly liable for damage incurred by another person operating the owner's personal watercraft if the owner knowingly allows the person to operate the owner's personal watercraft, the operator has not completed a boat safety course . . . or a written test . . . and the operator is not exempt from the boat safety certificate requirement. . . .

Forte asserts that Hartman's violation of this statute is proof that Hartman breached the duty of care she owed Forte.[9]

Under certain circumstances, negligence[10] may be established

---

liable for entrusting [its] vehicle to an incompetent, reckless or unfit driver if the owner knew or should have known of the driver's incompetence, inexperience or recklessness." 27 F.3d at 719 (internal citation and quotation omitted). *Favorito* merely held, "[a] rational factfinder could find no entrustment on this evidence." *Id.*

[9] The Court disagrees with Hartman's assertion that she owed no duty to Forte. Generally speaking, "[i]t is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care toward those lawfully aboard the vessel." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959); *see also Goldsmith v. Swan Reefer A.S.*, 173 F. App'x 983, 988 (3d Cir. 2006) ("The general maritime negligence standard . . . is 'the duty of exercising reasonable care under the circumstances of each case.'") (quoting *Kermarec*); *see generally* Restatement (Second) of Torts § 390 ("One who supplies . . . a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.").

[10] To the extent that Forte argues that Hartman is strictly liable under N.J.S.A. 12:7-74.1, the Court agrees with Hartman that such a claim is preempted by general maritime law because the strict liability standard of N.J.S.A. 12:7-74.1 directly conflicts with the Limitation Act's negligence standard. *See*

10

through evidence of violation of a statute[11], but in this case there is no need to resort to the statute for the standard of care.  Independent of the statute, Hartman owed a duty of care to Forte, *see supra* n. 9, and a reasonable factfinder could only conclude that she breached that duty when she allowed Forte to operate her jet ski, knowing that he was not licensed to operate it and had no formal safety training.  This Court holds that the undisputed record supports the conclusion that Hartman negligently entrusted the jet ski to Forte.

Additionally, this Court holds that no reasonable factfinder could conclude that the negligence occurred without the privity or knowledge of Hartman.  "In the case of individual owners, it has been commonly held or declared that privity as used in the statute means some personal participation of the owner in the

---

*Kossick v. United Fruit Co.*, 365 U.S. 731 (1961); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406 (1953); *Garrett v. Moore-McCormack Co.,* 317 U.S. 239 (1942).

[11]   *See* Thomas J. Schoenbaum, 1 Admiralty and Maritime Law § 5-2 ("Negligence may be shown by evidence of violation of a statute or regulation.  The statute or regulation must be determined to be applicable, however; the plaintiff must be included in the class of persons protected and the harm suffered must be the kind that the statute or rule was designed to prevent."); *see also* Restatement (Second) of Torts § 286 ("The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment . . . whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results.").

11

fault or negligence which caused or contributed to the loss or injury." *Coryell v. Phipps*, 317 U.S. 406, 411 (1943). In this case a reasonable jury could find that the negligence was Hartman's own negligence in entrusting the jet ski to Forte and Hartman personally participated in the negligence that contributed[12] to Forte's injury. Therefore, she is not entitled to limitation of liability.

This case is factually similar to *Joyce v. Joyce*, 975 F.2d 379 (7th Cir. 1992). In *Joyce*, the vessel owner allegedly permitted a third party to operate his twenty-two foot pleasure boat. 975 F.2d at 381. The operator drove the boat into a wake, causing the claimant to be thrown from the boat. *Id.* The claimant alleged that the owner negligently entrusted the boat to the operator, who was "inexperienced and incapable of reasonably and prudently operating [the] boat." *Id.*

The Seventh Circuit affirmed the district court's conclusion

---

[12] It is important to note that in this limitation proceeding the Court only adjudicates issues related to Hartman's liability. The question of Forte's comparative negligence is an issue that may be decided at another time. *See generally,* 8-VIII Benedict on Admiralty § 8.02 ("Filing a limitation complaint will not prevent the commencement of a separate action where there is only a single claimant . . . . In such cases, the filing of a limitation petition will bifurcate the litigation, with the limitation issues pending in the admiralty action and the merits pending in the forum, state or federal, chosen by the claimant."); Schoenbaum, 2 Admiralty & Maritime Law § 15-5 ("The federal courts have no monopoly over remedies or even liability determination. Their exclusive sphere is limitation only.").

that the owner was not entitled to limit his liability,[13] explaining, "[i]f [the owner] knew or had reason to know that [the operator] should not have been entrusted with the boat, he not only committed the tort of negligent entrustment but also had either knowledge or constructive knowledge sufficient to place him beyond the protection of the Limitation of Liability Act." *Joyce*, 975 F.2d at 385. "*Coryell* implies that the Act was not intended to shield shipowners from liability for the choice of incompetent ship personnel, at least when the owner participates personally in the choice." *Id.* at 384.

While the instant case is somewhat distinguishable insofar as the vessel operator and the injured claimant are one-in-the-same, such a distinction does not alter the conclusion that Hartman is not entitled to limit her liability. Regardless of who was injured, Hartman knew she was allowing an unlicensed, inexperienced person to operate her jet ski.

Accordingly, with regard to Count 1, this Court holds that Hartman is not entitled to relief pursuant to the Limitation Act. As to Count 1, Hartman's Motion for Summary Judgment will be

---

[13] The district court ruled that under no set of facts would the Limitation Act protect the vessel owner and therefore concluded that it lacked subject matter jurisdiction. *Joyce,* 975 F.2d at 385. The Seventh Circuit affirmed the jurisdictional holding, *id.*, although at least one subsequent case has noted that this holding "is likely inaccurate." *In re McCarthy Bros. / Clark Bridge,* 83 F.3d 821, 827 n.1 (7th Cir. 1996). Regardless of the jurisdictional holding, however, this Court agrees with the *Joyce* court's analysis of the privity and knowledge issue in the context of a negligent entrustment claim.

denied and Forte's Motion for Summary Judgment will be granted.

## 2.

In the second count, Forte asserts that Borquin acted negligently by operating the other jet ski at an unsafe speed, and in a dangerous direction, thereby leading Forte into a situation which resulted in his injury.  According to Forte, "Hartman is responsible for the negligence of Jeffery Bourquin the master of the vessel she owned."  (Claim ¶ 33)[14]

Assuming without deciding that Borquin acted negligently, no reasonable factfinder could conclude that Hartman had privity or knowledge of the manner in which Borquin operated the jet ski.  As already set forth above, "privity," in individual (as opposed to corporate) owner cases means "some personal participation of the owner in the fault or negligence."  *Coryell,* 317 U.S. at 411.  It is undisputed that Hartman was not present at any time when Forte and Borquin used her jet skis.  Moreover, the record contains no facts from which a reasonable factfinder might infer that Hartman had some other indirect personal participation in Borquin's alleged negligence.  Accordingly, Hartman is entitled to limitation of liability under the Limitation Act.

Contrary to Forte's implicit assertion, Hartman is not liable for Borquin's alleged negligence merely because she is the

---

[14]   Notably, Forte does not allege that Hartman negligently entrusted the jet ski to Borquin.

14

owner of the jet ski Borquin operated.  Such was the holding of *In re Hocking*, 158 F. Supp. 620 (D.N.J. 1958).  In *Hocking*, the owner's 15 year old son was held to have negligently operated the owner's motor boat, causing a collision with a row boat.  158 F. Supp. at 623.  The owner, however, was not aboard his boat when the accident occurred.  *Id.* at 622.  Moreover, the court found that the son had "received competent instruction . . . from qualified instructors" and had five years of experience operating motor boats.  *Id.*  The court also found that the owner "had no knowledge of any display of recklessness or incompetence by his son while operating the motor boat."  *Id.*  Based on these findings, the court held that the collision happened without the owner's privity or knowledge, and therefore the owner was entitled to relief under the Limitation Act.  *Id.* at 623.[15]

Thus, *Coryell* and *Hocking* make clear that limitation will only be denied where the owner somehow participates in the alleged negligence.  Because the record conclusively establishes that Hartman did not participate in Borquin's alleged negligence,

---

[15] Forte argues that, pursuant to 46 U.S.C. § 30506(e), Borquin's actions in operating the jet ski are automatically deemed to be within Hartman's privity and knowledge.  This argument fails because § 30506, by its very terms, "applies only to seagoing vessels" and "does not apply to pleasure yachts, tugs, towboats, towing vessels, tank vessels, fishing vessels, fish tender vessels, canal boats, scows, car floats, barges, lighters, or nondescript vessels."  46 U.S.C. § 30506(a); *see Hocking*, 158 F. Supp. at 623 (holding that a 21-foot motor boat is not a "seagoing vessel").

she is entitled to limit her liability.

Accordingly, with regard to Count 2, this Court holds that Hartman is entitled to limit her liability.  As to Count 2, Hartman's Motion for Summary Judgment will be granted and Forte's Motion for Summary Judgment will be denied.


**IV.**

For the reasons set forth above, Hartman's Motion for Summary Judgment will be granted as to Count 2 and denied as to Count 1.  Forte's Motion for Summary Judgment will be granted as to Count 1 and denied as to Count 2.  Hartman is entitled to limitation of liability with regard to Count 2 but not Count 1.  An appropriate Order accompanies this Opinion.



April 15, 2010                       s/ Joseph E. Irenas
                                  JOSEPH E. IRENAS
                                  Senior United States District Judge

16